FILED
NOV 25 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA OBASI<br>    a.k.a. "Christopher Zulu Anderson,"<br>    "Larry C. Bradley,"<br>    "James E. George,"<br>    "David S. Hinton,"<br>    "Grimsal Bada Johnson,"<br>    "Daniel Newman," and<br>    "Stephen Olu Wander" | No. 19 CR 511<br><br>Violations: Title 18, United States Code, Sections 1014 and 1343<br><br>**INFORMATION**<br><br>JUDGE LEE<br><br>MAGISTRATE JUDGE KIM |

## COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. Defendant JOSHUA OBASI was a resident of the Northern District of Illinois.

    b. Individual A was a resident of the Northern District of Illinois and married to JOSHUA OBASI.

    c. JP Morgan Chase was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation and which maintained branches in the Northern District of Illinois. JP Morgan Chase provided financial

1

services to customers and allowed customers to open individual and business bank accounts and checking accounts.

    d.  Bank of America was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation and which maintained branches in the Northern District of Illinois. Bank of America provided financial services to customers and allowed customers to open individual and business bank accounts and checking accounts.

    e.  Victim 1 was an individual who was engaged in discussions, including email discussions, with a person who Victim 1 knew and trusted regarding Victim 1's interest in purchasing real property.

    f.  Chase Bank Account A was a bank account opened by Victim 1 at JP Morgan Chase.

    g.  Chase Bank Account B was a bank account ending in 5792 that was opened in the name "Stephen Olu Wander" at JP Morgan Chase.

    h.  Victim 2 was an individual who was engaged in discussions, including email discussions, with a person who Victim 2 knew and trusted regarding Victim 2's interest in purchasing real property.

    i.  Chase Bank Account C was a bank account opened by Victim 2 at JP Morgan Chase.

    j.  Bank of America Account A was a bank account ending in 8178 that was opened in the name "Grimsal Bada Johnson" at Bank of America.

2. From approximately in or around March 2018 and continuing until on or about June 20, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSHUA OBASI,
also known as "Christopher Zulu Anderson," "Johnson O. Bell," "Larry C. Bradley," "James E. George," "David S. Hinton," "Grimsal Bada Johnson," "Daniel Newman," and "Stephen Olu Wander,"

defendant herein, together with Individual A and others, knowingly devised, intended to devise, and participated in a scheme to defraud victims and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that OBASI falsely and fraudulently represented his identity to financial institutions in order to open accounts with alias names and presented those financial institutions with forged passport or visa documents bearing those alias names, that OBASI's co-schemers defrauded victims into transferring funds into the OBASI-controlled accounts, and that OBASI used fraud proceeds for his own personal benefit.

4. It was further part of the scheme that OBASI obtained and possessed forged identity documents, including forged passports and visas that appeared to have been issued by foreign governments and bore identifying information for fictional persons and images of OBASI.

5. It was further part of the scheme that OBASI opened and controlled individual bank accounts at JPMorgan Chase and other financial institutions in alias names by applying to financial institutions to open accounts in those alias names and

3

then presenting those financial institutions with forged passports and visas that bore identifying information that corroborated those alias names.

6. It was further part of the scheme that other co-schemers (the "Co-Schemers") sent emails to victims, including Victim 1 and Victim 2.

7. It was further part of the scheme that the Co-Schemers induced victims into transferring their funds into those OBASI-controlled accounts and accounts controlled by Individual A by making false representations in those communications to victims, including by sending emails that fraudulently appeared to originate from persons the victims knew and trusted.

8. It was further part of the scheme that OBASI was aware that the bank accounts he opened and controlled using alias names would be used to receive proceeds from victims who were deceived into wiring money into those accounts by false pretenses.

9. It was further part of the scheme that Co-Schemers sent electronic communications, including emails, to victims that falsely and fraudulently represented that the accounts to which victims were directed to transfer proceeds were controlled or associated with persons those victims knew and trusted, and did not disclose that those accounts were in fact controlled by OBASI or by Individual A.

10. It was further part of the scheme that between on or about March 27, 2018, and on or about June 20, 2019, bank accounts opened and controlled by OBASI received more than approximately $1.5 million in transfers from victims who, due to the receipt of communications from Co-Schemers, mistakenly believed they were

transferring funds to persons they knew and trusted as part of legitimate business transactions.

11. It was further part of the scheme that OBASI knowingly and fraudulently used funds transferred by victims to pay for his personal expenses.

12. It was further part of the scheme that OBASI knowingly and fraudulently transferred funds received from victims to other accounts controlled by OBASI.

13. It was further part of the scheme that OBASI misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purposes of the scheme and acts done in furtherance of the scheme.

14. On or about May 14, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

JOSHUA OBASI,
also known as "Christopher Zulu Anderson," "Johnson O. Bell," "Larry C. Bradley," "James E. George," "David S. Hinton," "Grimsal Bada Johnson," "Daniel Newman," and "Stephen Olu Wander,"

defendant herein, for the purpose of executing the scheme and attempting to execute the scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely an interstate wire transmission of approximately $680,354.55 through the Federal Reserve System from Victim 1's Chase Bank Account C to defendant's Bank of America Account A;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

1. The allegations in paragraphs 1 through 14 of Count One are realleged here.

2. On or about May 18, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

JOSHUA OBASI,
also known as "Christopher Zulu Anderson," "Johnson O. Bell," "Larry C. Bradley," "James E. George," "David S. Hinton," "Grimsal Bada Johnson," "Daniel Newman," and "Stephen Olu Wander,"

defendant herein, for the purpose of executing the scheme and attempting to execute the scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely an interstate wire transmission of approximately $26,968.96 through the Federal Reserve System from Victim 1's Chase Bank Account A to defendant's Chase Bank Account B;

In violation of Title 18, United States Code, Section 1343.

## COUNTS THREE THROUGH NINE

The UNITED STATES ATTORNEY further charges:

On or about the dates and at the locations set forth below, in the Northern District of Illinois, Eastern Division,

JOSHUA OBASI,
also known as "Christopher Zulu Anderson," "Johnson O. Bell," "Larry C. Bradley," "James E. George," "David S. Hinton," "Grimsal Bada Johnson," "Daniel Newman," and "Stephen Olu Wander,"

defendant herein, knowingly caused false statements to be made to the financial institutions set forth below, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of those financial institutions upon applications to open individual and business checking accounts in that defendant caused to be stated that the checking account signatories' identities were the aliases indicated below, when defendant knew that each such statement was false, each such statement constituting a separate count of this indictment:

| Count | Date | Location | Financial Institution | Account (last 4 digits) | OBASI Alias |
|---|---|---|---|---|---|
| 3 | 3/27/18 | Chicago | JP Morgan Chase | 6153 | Daniel Newman |
| 4 | 4/2/18 | Chicago | TCF Bank | 2682 | Grimsal Bada Johnson |
| 5 | 5/14/18 | Skokie | JP Morgan Chase | 5792 | Stephen Olu Wandry |
| 6 | 6/2/18 | Calumet City | Bank of America | 1844 | James E. George |
| 7 | 7/10/18 | Chicago | TCF Bank | 2318 | Larry C. Bradley |
| 8 | 9/14/18 | Chicago | JP Morgan Chase | 8602 | Christopher Zulu Anderson |

| Count | Date | Location | Financial Institution | Account (last 4 digits) | OBASI Alias |
|---|---|---|---|---|---|
| 9 | 2/21/19 | Chicago | JP Morgan Chase | 5138 | David S. Hinton |

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1014 and 1343, as set forth in this Information, defendant shall forfeit to the United States of America any property involved in such offense and any property that constitutes and is derives from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(1) and (2)(A).

2. The property to be forfeited includes, but is not limited to (1) approximately $39,335 in cash seized from a storage unit located at Life Storage, 615 West Pershing, Chicago, Illinois; (2) approximately $28,030 in cash seized from an apartment located at 933 East 46th Street, Chicago, Illinois; (3) a passport purportedly issued by Sierra Leone and bearing the name "Christopher Zulu Anderson;" (4) a passport purportedly issued by Sierra Leone and bearing the name "Larry C. Bradley;" (5) a passport purportedly issued by Sierra Leone and bearing the name "James E. George;" (6) a passport purportedly issued by New Guinea and bearing the name "David S. Hinton;" (7) a passport purportedly issued by the United Kingdom and bearing the name "Grimsal Bada Johnson;" (8) a passport purportedly issued by South Africa and bearing the name "Daniel Newman;" (9) a passport purportedly issued by the United Kingdom and bearing the name "Stephen Olu Wander;" (10) a passport purportedly issued by Namibia and bearing the name "R.

Leslie Braggs;" and (11) a personal money judgment in the amount of approximately $1,506,238.79.

3. If any of the property above, as a result of any act or omission by the defendant, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

*John R. Lausch, Jr.* by MF
UNITED STATES ATTORNEY